**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aurelio Tovar, ) | No. CV 07-1239-PHX-MHM (MEA) |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Edward Bartos, et al., ) | |
| Respondents. ) | |

On June 25, 2007, Plaintiff filed a Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 (DkT. # 1). The matter was referred to United States Magistrate Judge Glenda E. Edmonds, who issued a Report and Recommendation (DkT. # 18) recommending that the Court deny and dismiss the Petition for Writ of Habeas Corpus (DkT. # 1) and Petitioner's Motion to Stay Proceedings (DkT. # 17). Plaintiff filed (1) a written objection to the Report and Recommendation (DkT. # 21) and (2) a motion for leave to file supplemental pleading (DkT. # 22).

**STANDARD OF REVIEW**

The Court reviews the legal analysis in the Report and Recommendation *de novo* and the factual analysis in the Report and Recommendation *de novo* for those facts to which objections are filed and for clear error for those facts to which no objections are filed. See 28 U.S.C. § 636(b)(1)(C). United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

## DISCUSSION

The relevant authority, as set forth in the Magistrate's Report and Recommendation is as follows. Habeas Corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgement. 28 U.S.C. § 2244(d). The limitation period begins to run on (1) the date on which the judgement became final by the conclusion of direct review or (2) the expiration of the time for seeking such review, whichever is later. 28 U.S.C. § 2244(d). Also, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review.")

To have a meritorious federal writ of habeas corpus, a state prisoner first must exhaust his remedies in the state courts. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's highest court in a procedurally correct manner. See Castille v. Peoples, 489 U.S. 346, 351 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir.), cert. denied, 545 U.S. 1144 (2005). In essence, to satisfy the exhaustion requirement, each claim must be presented to every level of state court before a federal court will hear the matter. 28 U.S.C. § 2254(b)(1)(A); See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Procedural default occurs when a petitioner has not presented his claim in state court and would be barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). However, generally "[a]n application for a writ of habeas corpus may [still] be denied

1 on the merits, notwithstanding the failure of the applicant to exhaust the remedies available
2 in the courts of the state." 28 U.S.C. § 2254(b)(2). The Ninth Circuit has adopted the
3 "Granberry standard, which holds that a federal court may deny an unexhausted petition on
4 the merits only when it is perfectly clear that the applicant does not raise even a colorable
5 federal claim." See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005), cert. denied, 546
6 U.S. 1172 (2006); Granberry v. Greer, 481 U.S. at 133 (1987).

7 The Court must address whether Petitioner's habeas petition was filed within the
8 statute of limitations. Respondent argues that Petitioner's habeas review was time-barred
9 because he did not properly his post-conviction relief petition ("PCR") by the trial court's
10 deadline. This Court does not agree. Petitioner's notice of PCR was accepted as timely.
11 Petitioner was then instructed to file his PCR petition by October 10, 2006. Petitioner then
12 failed to file a PCR petition, and judgement became final on October 10, 2006, the date on
13 which his Rule 32 proceeding concluded. Summers, 481 F.3d at 711. Accordingly, the statute
14 of limitations regarding Petitioner's federal habeas action allegedly began to run on October
15 11, 2006, and absent tolling expired on October 10, 2007. Thus, Petitioner properly tolled the
16 statute of limitations having timely filed the instant petition on June 25, 2007. 28 U.S.C. §
17 2244(d).

18 The Court is satisfied Petitioner's claim was not time-barred, and will now address
19 whether his claims were properly exhausted. Respondent argues Petitioner's claims were not
20 exhausted since he failed to present any of the claims raised in the habeas corpus petition to
21 state appellate courts. Coleman, 501 U.S. at 729-30. Accordingly, Respondent contends that
22 Petitioner procedurally defaulted. Tacho, 862 F.2d at 1378. Petitioner responded by
23 conceding that his issues were not exhausted and moved this court to stay his petition
24 allowing him to exhaust his claims in state court (DkT. # 16).

25 However, this Court will not stay his petition because it finds that Petitioner has failed
26 to raise a colorable claim to relief under federal law. Cassett, 406 F.3d at 624. Petitioner lists
27 three separate grounds for relief: (1) fifth amendment due process of law, (2) fourteenth
28

- 3 -

amendment due process of law, and (3) the eighth amendment prohibition against cruel and unusual punishment (DkT. # 1). However, Petitioner does not explain why he is entitled to habeas corpus relief on any of these grounds, having only cited abstract legal principles. *Id*. Furthermore, Petitioner does not state facts to explain how the relevant legal principles apply to his case. *Id*. Petitioner has not presented evidence in either his Petition for Writ of Habeas Corpus or in his Objections to the Magistrate Judge's Report and Recommendation of a colorable federal claim. As such, this Court denies Petitioner's unexhausted petition on its merits. Cassett, 406 F.3d at 624.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation (DkT. # 18) in its entirety as the Order of the Court, and denying Petitioner's Motion to Object.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay Proceedings is denied as discussed above. (DkT. # 17).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (DkT. # 1) is denied and dismissed.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Supplemental Pleading is denied. (DkT. # 22).

**IT IS FURTHER ORDERED** that the clerk of the court entered judgement accordingly.

DATED this 29th day of September, 2008.

_____
Mary H. Murguia
United States District Judge

- 4 -